GARY M. RESTAINO
United States Attorney
District of Arizona
MICAH SCHMIT
Assistant U.S. Attorney
State Bar No.: 014887
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
gerard.schmit@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED

**Dec 07 2021**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 21-02773-TUC-JGZ (EJM) |
|---|---|
| Plaintiff, | Mag. No. 21-03294M (EJM) |
| vs. | PLEA AGREEMENT |
| Andrew Ryan Lozinski, | (Fast Track U.S.S.G. § 5K3.1) |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to the Information charging the defendant with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(iii), Conspiracy to Transport Illegal Aliens Placing in Jeopardy the Life of Any Person, a felony.

### ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1. There was an agreement between two or more persons to commit the offense of transporting illegal aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), that is, there was an agreement that all or some of the co-conspirators, knowing or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, would knowingly transport such aliens within the

United States by means of transportation or otherwise, in furtherance of such violation of law.

2. The defendant became a member of the conspiracy knowing that the object of the conspiracy was the transportation of illegal aliens.

3. During and in relation to the offense, the defendant caused serious bodily injury to or placed in jeopardy the life of any person.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Maximum Penalties

A violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(iii) is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of twenty (20) years, or both, plus a term of supervised release of three years and a special assessment of $100; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The defendant will pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

#### Agreements Regarding Sentence

1. Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level: | 2L1.1(a)(3) | 12 |
| Not for Profit: | 2L1.1(b)(1) | -3 |
| Substantial Risk of Bodily Harm: | 2L1.1(b)(6) | 18 |
| Sustained Serious Bodily Injury: | 2L1.1(b)(7) | +4 |
| Acceptance of Responsibility: | 3E1.1(a)&(b) | -3 |
| Early Disposition/Government Savings: | 5K3.1/5K2.0 | -2 |
| Total Adjusted Offense Level: | | 17 |

2.  <u>Sentencing Range</u>:  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

```
CHC I:     a sentencing range of 24-30 months' imprisonment.
CHC II:    a sentencing range of 27-33 months' imprisonment.
CHC III:   a sentencing range of 30-37 months' imprisonment.
CHC IV:    a sentencing range of 37-46 months' imprisonment.
CHC V:     a sentencing range of 46-57 months' imprisonment.
CHC VI:    a sentencing range of 51-63 months' imprisonment.
```

3.  The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated ranges listed above.

4.  If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.  If the defendant argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance.  The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

5.  The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

6.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

7.  The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or

her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

### Forfeiture

Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contained all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence not to exceed 63 months' imprisonment, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant

acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant fully

understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

### Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witnesses against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct."

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## FACTUAL BASIS AND SENTENCING FACTOR

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On or about October 1, 2021, in Nogales, the District of Arizona, Nogales Border Patrol Station received a call from a concerned citizen stating five individuals were seen walking between houses in Nogales, Arizona. A few minutes later, Nogales Police Department (NPD) witnessed multiple individuals all wearing camouflage, enter a 2007 silver 4-door Chevrolet Malibu in the same area. NPD attempted to make a traffic stop, but the vehicle failed to yield. NPD officers witnessed five individuals jump out of the vehicle while it was still moving, including one woman who was dragged for a brief time. NPD and United States Border Patrol agents (BPAs) pursued the vehicle. The driver, later identified as Andrew Ryan Lozinski, drove at a high rate of speed, at one point exceeding 100mph. Lozinski also sped through a construction area, ran several red lights, and caused one NPD officer to crash his vehicle during the pursuit.

> Lozinski reached the I-19 Border Patrol Checkpoint where agents deployed an immobilization device causing all four tires to puncture. Lozinski left the checkpoint and continued to drive, eventually crossing the median and over oncoming traffic lanes before crashing the Chevy into a wire fence. Lozinski then attempted to flee on foot but was ultimately caught and arrested.

> The five illegal aliens who jumped out of Lozinski's vehicle were apprehended, including material-witness, Daniel Estrada-Arellano. All five individuals were determined to be citizens of Mexico, in the country illegally. Estrada-Arellano stated after crossing into the United States illegally, his group was guided via cellphone to a pickup location. He stated a gray four-door vehicle was there waiting for them, and the male driver told them to get into the vehicle. The material witness stated once the driver saw the police, he began to drive erratically, and then told everyone to get out. Estrada-Arellano stated the driver slowed down, but was still moving as they were being told to get out of the car, causing a head injury to one woman.

I have read this agreement or it has been read to me in Spanish, and I have carefully

reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

Date: _____

*Jay A. Marble* — Digitally signed by Jay A. Marble
Date: 2021.12.03 07:09:07 -07'00'

Andrew Ryan Lozinski
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with the requirements of Rule 11, Fed. R. Crim. P.

Date: _____

*Jay A. Marble* — Digitally signed by Jay A. Marble
Date: 2021.12.03 07:09:37 -07'00'

Jay Marble, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

GERARD SCHMIT — Digitally signed by GERARD SCHMIT
Date: 2021.11.30 17:22:26 -07'00'

Date: _____

MICAH SCHMIT
Assistant U.S. Attorney